UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CSX TRANSPORTATION, INC., ) | CASE NO.  4:12CV2111 |
| ) | |
| Plaintiff, ) | JUDGE CHRISTOPHER A. BOYKO |
| ) | |
| vs. ) | OPINION AND ORDER |
| ) | |
| GLENN R. TAYLOR, III, individually ) | |
| and d/b/a Intermodal USA, Inc., ) | |
| Defendant. ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon the Motion (ECF DKT #18) of Third Party Defendant, Macy's, Inc., to Dismiss Third Party Complaint.  For the following reasons, the Motion is granted.

**I. BACKGROUND**

CSX alleges that Defendant, Glenn R. Taylor, III ("Taylor"), owes $117,263.00 in freight and related charges arising from the interstate transportation of freight for the period from January 2011 to February 2011.  In a previous action (Case No. 4:11CV1016 - United States District Judge Benita Pearson), CSX obtained a default judgment against Intermodal

USA ("IUSA") for the freight charges.  In this suit, Taylor asserts that GRT Transport, Inc., a company owned by him, received the bills which are the subject of Plaintiff's Complaint, and that the bills represent shipments of goods on behalf of Macy's Inc.

Taylor's single-count Third Party Complaint against Macy's is captioned: "Breach of Contract/Account."  Taylor avers, without attaching a copy of the contract or account, that Macy's owes GRT in excess of $75,000.00.  Further: "If in fact it is found that the answering Defendant is personally indebted to the Plaintiff, which allegations and obligation he denies, then Macy's, Inc. is obligated to pay Defendant all sums due and owing for shipping costs of Macy's goods via CSX by and through IUSA and/or GRT Transport, Inc."  (Third Party Complaint, ECF DKT #8, ¶ 11).

Third Party Defendant Macy's moves for dismissal of the Third Party Complaint, pursuant to Fed.R.Civ.P. 12(b)(6), for failure to state a claim upon which relief may be granted.

## II. LAW AND ANALYSIS

### Civil Rule 12(b)(6) Standard

In deciding a motion to dismiss under Fed.R.Civ.P. 12(b)(6), the court must accept as true all of the factual allegations contained in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007).  The court need not, however, accept conclusions of law as true:

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  As the Court held in [*Bell Atlantic v.*] *Twombly*, 550 U.S. 544, 127 S.Ct. 1955 [(2007)], the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-Defendant-unlawfully-harmed-me accusation. *Id.* at 555.  A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555.  Nor does a complaint suffice if it tenders

> "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.
>
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 570. A claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged. *Id.* at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a Defendant has acted unlawfully. *Id.* Where a complaint pleads facts that are "merely consistent with" a Defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 557.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

According to the Sixth Circuit, the standard described in *Twombly* and *Iqbal* "obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim *plausible*." *Weisbarth v. Geauga Park Dist.*, 499 F.3d 538, 541 (6th Cir.2007) (quoting *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2nd Cir.2007)).

The Court should disregard conclusory allegations, including legal conclusions couched as factual allegations. *Twombly*, 550 U.S. at 555; *J & J Sports Prods. v. Kennedy*, No.1:10CV2740, 2011 U.S. Dist. LEXIS 154644, *4 (N.D.Ohio Nov. 3, 2011).

In the within matter, Taylor fails to plead facts demonstrating how or why Taylor is entitled to recover from Macy's, or why or how Macy's actions injured Taylor. The Third Party Complaint recites the bare conclusion that Macy's owes GRT, a non-party, a sum of money for shipping goods via CSX. Taylor does not articulate why he should recover personally from Macy's. There is no allegation of a contract between Taylor and Macy's, nor between Macy's and any entity. Taylor's Third Party Complaint is merely conclusory and is just that "Defendant-unlawfully-harmed-me" pleading that the *Twombly* decision condemns.

### III. CONCLUSION

For these reasons, the Motion (ECF DKT #18) of Third Party Defendant, Macy's, Inc., to Dismiss Third Party Complaint is granted.

**IT IS SO ORDERED.**

**s/ Christopher A. Boyko**
**CHRISTOPHER A. BOYKO**
**United States District Judge**

**Dated: September 4, 2013**