UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CSX TRANSPORTATION, INC., | ) | CASE NO. 4:12CV2111 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | OPINION AND ORDER |
| | ) | |
| GLENN R. TAYLOR, III, individually | ) | |
| and d/b/a/ Intermodal USA, Inc., | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon the Motion (ECF DKT #19) of GRT Transportation, Inc. ("GRT"), for Permission to Intervene as Defendant and Third-Party Plaintiff.  For the following reasons, the Motion is granted.

### I. BACKGROUND

CSX alleges that Defendant, Glenn R. Taylor, III ("Taylor"), owes $117,263.00 in freight and related charges arising from the interstate transportation of freight for the period from January 2011 to February 2011.  Taylor asserts that GRT, a company owned by him, received the bills which are the subject of Plaintiff's Complaint, and that the bills represent shipments of goods on behalf of Macy's, Inc.

In support of its Motion, GRT submits that it is the party that was doing business with CSX during the time period that is the subject of the captioned lawsuit; and that GRT did business with Macy's, Inc., the actual beneficiary/recipient of the transactions that are the subject of this lawsuit.  GRT argues that intervention is appropriate in order to prevent costly parallel litigation and to accord complete and just relief to all parties.  Finally, GRT states that the intervention motion is timely and will not prejudice or unduly delay the adjudication of either CSX's or Taylor's rights.

CSX has not opposed GRT's request.  Macy's has filed an opposition based upon deficiencies in the proposed Third-Party Complaint.

## II. LAW AND ANALYSIS

**Permissive Intervention**

Fed.R.Civ.P. 24(b) governs permissive intervention, and provides in pertinent part: "On timely motion, the court may permit anyone to intervene who ... has a claim or defense that shares with the main action a common question of law or fact."  Fed.R.Civ.P. 24(b)(1)(B).  "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights."  Fed.R.Civ.P. 24(b)(3).  "Rule 24 is broadly construed in favor of potential intervenors."  *Purnell v. City of Akron*, 925 F.2d 941, 950 (6th Cir.1991).

GRT's Motion to Intervene was not untimely, since it was filed approximately four months after the Complaint.  The original parties, CSX and Glenn Taylor, have not opposed the intervention request, and have not identified any prejudice they would suffer.  The relationships and claims among the parties arise out of the common factual nucleus of freight

charges incurred for interstate transportation of goods by CSX in early 2011.

Non-party, Macy's, Inc., objects to GRT's intervention, and argues that the intervenor's potential third-party complaint would not survive a dismissal motion.  However, that is appropriately the subject of motion practice, if and when a third-party action is initiated against Macy's by GRT; and is not the standard the Court should employ when ruling on a Fed.R.Civ.P. 24 motion for permissive intervention.

### III. CONCLUSION

There has been no showing of prejudice to the original parties, nor of undue delay to the adjudication of their rights.  Commonality and timeliness have been satisfied.  This litigation is in its early stages; and all parties, once joined, will have sufficient opportunity to conduct discovery and/or file dispositive motions.  Therefore, the Motion (ECF DKT #19) of GRT Transportation, Inc. for Permission to Intervene, pursuant to Fed.R.Civ.P. 24(b), is granted.  Intervenor GRT shall file and serve its pleading within thirty (30) days.  In light of this ruling, the Motion (ECF DKT #25) of Defendant, Glenn R. Taylor, III, to Strike or Amend his Affidavit is denied as moot.

**IT IS SO ORDERED.**

                                          s/ Christopher A. Boyko  
                                          **CHRISTOPHER A. BOYKO**  
                                          **United States District Judge**

**Dated:  September 6, 2013**