UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CSX TRANSPORTATION, INC., | ) | CASE NO. 4:12CV2111 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | OPINION AND ORDER |
| | ) | |
| GLENN R. TAYLOR, III, etc., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon the Motion (ECF DKT #56) of Plaintiff, CSX Transportation, Inc. ("CSX"), for Summary Judgment. For the following reasons, the Motion is denied.

**I. BACKGROUND**

In late 2002, Defendant, Glenn R. Taylor, III ("Taylor"), incorporated a transportation broker company called Intermodal USA, Inc. ("Intermodal"). Taylor was the sole owner and President of Intermodal. The attorney and statutory agent for Intermodal was David A. Detec. In July of 2008, CSX entered into a Trucking Credit Agreement with Intermodal for motor

carrier transportation services. Taylor executed the contract in his capacity as President. CSX transported hundreds of loads of freight pursuant to this Agreement between 2008 and 2011. Between January and February 2011, CSX transported more than ninety loads of freight for Intermodal, but Intermodal failed to pay the corresponding freight charges, totaling $117,263.00.

CSX filed suit in this Court for payment of the outstanding freight charges. (Case No. 4:11CV1016, U.S. District Judge Benita Pearson). Although service was perfected, Intermodal failed to answer and default judgment was entered on January 27, 2012, in the amount of $117,263.00, plus prejudgment interest. Thereafter, CSX discovered that the Ohio Secretary of State had cancelled Intermodal's Articles of Incorporation in January of 2007 for failure "to file necessary corporate franchise tax reports."

CSX instituted the above-captioned lawsuit on August 16, 2012, seeking to hold Taylor personally liable for the existing judgment against Intermodal. On October 9, 2012, Taylor answered and filed a Third-Party Complaint against Macy's, Inc., alleging that CSX's claim is for goods shipped on behalf of Macy's. At the same time, Taylor paid Intermodal's franchise tax obligation, reinstating the corporate Articles of Incorporation. Two months later, the Court allowed another of Taylor's companies, GRT Transportation, Inc., to intervene as Defendant and Third-Party Plaintiff, in order to allege that GRT was actually the entity doing business with both CSX and Macy's during the relevant time period.

CSX now moves for summary judgment, arguing that Taylor is personally liable for its judgment against Intermodal.

## II. LAW AND ANALYSIS

**Standard of Review**

Summary judgment shall be granted only if  "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *See* Fed.R.Civ.P. 56(a).  The burden is on the moving party to conclusively show no genuine issue of material fact exists.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Lansing Dairy. Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir.1994).  The moving party must either point to "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations, admissions, interrogatory answers, or other materials" or show "that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."  *See* Fed.R.Civ.P. 56(c)(1)(A), (B).  A court considering a motion for summary judgment must view the facts and all inferences in the light most favorable to the nonmoving party.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  Once the movant presents evidence to meet its burden, the nonmoving party may not rest on its pleadings, but must come forward with some significant probative evidence to support its claim.  *Celotex*, 477 U.S. at 324; *Lansing Dairy*, 39 F.3d at 1347.

This Court does not have the responsibility to search the record *sua sponte* for genuine issues of material fact.  *Betkerur v. Aultman Hospital Ass 'n.*, 78 F.3d 1079, 1087 (6th Cir. 1996); *Guarino v. Brookfield Township Trustees*, 980 F.2d 399, 404-06 (6th Cir.1992).  The burden falls upon the nonmoving party to "designate specific facts or evidence in dispute,"

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986); and if the nonmoving party fails to make the necessary showing on an element upon which it has the burden of proof, the moving party is entitled to summary judgment.  *Celotex*, 477 U.S. at 323.  Whether summary judgment is appropriate depends upon "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."  *Amway Distributors Benefits Ass 'n v. Northfield Ins. Co.*, 323 F.3d 386, 390 (6th Cir. 2003) (quoting *Anderson*, 477 U.S. at 251-52).

**<u>Relevant Corporation Law</u>**

> R.C. § 1701.88(A) provides in part:
>
> When a corporation is dissolved voluntarily, when the articles of a corporation have been canceled, or when the period of existence of the corporation specified in its articles has expired, the corporation shall cease to carry on business and shall do only such acts as are required to wind up its affairs, or to obtain reinstatement of the articles. . .
>
> R.C. § 1701.922(B)(1) recites:
>
> The exercise of or an attempt to exercise any rights, privileges, or franchises on behalf of the corporation or association by the officer, agent, or employee of the corporation or association has the same force and effect that the exercise of or an attempt to exercise the right, privilege, or franchise would have had if the corporation's or association's articles had not been canceled, if both of the following apply:
>
> (a) The exercise of or an attempt to exercise the right, privilege, or franchise was within the scope of the corporation's or association's articles of incorporation that existed prior to cancellation;
>
> (b) The officer, agent, or employee **had no knowledge** that the corporation's or association's articles of incorporation had been canceled.  (Emphasis added).

When the articles of a corporation are cancelled, "the authority of the corporation to

do business ceases and after such termination officers who carry on new business do so as individuals, lose the protection of the Corporation Act, and are personally responsible for such obligations as they incur." *Boards of Trustees of the Ohio Laborers' Fringe Benefit Programs v. Jenkins*, No. 2:05-CV-54, 2007 WL 1026740, at *3 (S.D.Ohio Mar.30, 2007), citing *Chatman v. Day*, 7 Ohio App.3d 281, 282 (Montgomery County 1982).

The evidence before the Court demonstrates that Intermodal's Articles of Incorporation were cancelled as of January 4, 2007. (ECF DKT #56-3). The Ohio Secretary of State sent notice to the corporation's statutory agent, David A. Detec, on that date. *Id*. Intermodal, through Taylor as President, entered into a Trucking Credit Agreement with CSX on or about July 14, 2008; and CSX provided freight transportation services through early 2011.

The Trucking Credit Agreement was not an action consistent with winding up corporate affairs. As an officer acting on behalf of Intermodal, Taylor carried on new business. Thus, he lost the benefit of the corporate shield and became personally responsible. *Jenkins, supra*; R.C. § 1701.88(A).

When Intermodal's Articles of Incorporation were reinstated on October 9, 2012, any exercise of corporate rights and authority during the cancellation period had "the same force and effect as if the articles had never been cancelled," if such exercise was within the scope of the corporation's articles *and* if the officer had no knowledge that the articles had been cancelled. R.C. § 1701.922(B)(1).

CSX submits a copy of the Ohio Secretary of State's January 4, 2007 notification to Intermodal's statutory agent, David A. Detec, that the corporation's Articles were cancelled

for failure to report and pay franchise taxes. (ECF DKT #56-3). When the Secretary of State's letter was shown to Taylor at his deposition, he did not dispute that the document recited that the Articles of Incorporation were cancelled and that it appeared to be forwarded to Detec. (ECF DKT #56-2 at 15).

> However, Taylor counters with this exchange from his deposition:
>
> Q. And I don't want to get into any communications between you and your attorney, but do you recall ever receiving a copy of this document?
>
> A. No, I do not.
>
> (ECF DKT #56-2 at 15).

Also, Taylor offers the Affidavit (ECF DKT #59-1) of David A. Detec, which says in pertinent part:

> 5. Upon review of the file I maintained as Statutory Agent for Intermodal USA, I find no evidence indicating that I ever received the Notice from the Ohio Secretary of the State of the cancelling of Intermodal USA's Articles of Incorporation.
>
> \* \* \* \* \* \*
>
> 8. Additionally, it was my policy and procedure to immediately froward such documents received by me as statutory agent for Intermodal USA onto Glenn Taylor. Upon review of both the Intermodal USA file and our firm's computer document retention system, I find no evidence of any cover letter from me forwarding the subject Notice to Glenn Taylor for Intermodal USA.
>
> \* \* \* \* \* \*

10. Based on my review of my file, it is my belief that I never received a copy of the January 4, 2007 Notice from the Secretary of State cancelling Intermodal's Articles of Incorporation.

CSX contends that Taylor "feigned" not learning of the Articles' cancellation from Detec. (ECF DKT #56-1 at 9). CSX also characterizes Taylor's statements of ignorance about his corporation's status as "inconceivable" (ECF DKT #56-1 at 10) and "implausible" (ECF DKT #62 at 4). CSX likewise criticizes Detec's Affidavit, calling it a "carefully-worded" attempt to create an issue of fact. (ECF DKT #62 at 4).

Taylor's personal liability for the outstanding freight charges owed to CSX hinges entirely on whether Taylor can take advantage of the benefit of the reinstatement statute, R.C. § 1701.922(B)(1). The deposition testimony and the statutory agent/attorney's affidavit are key pieces of evidence bearing directly on Taylor's knowledge of the cancellation of Intermodal's Articles of Incorporation. CSX insists that it strains credulity to accept that Taylor had no knowledge that the Articles were cancelled. Nonetheless, the Court cannot, and will not, "determine whose version is more credible on summary judgment." *Lott v. ICS Merrill*, 483 F.App'x 214, 220 (2012), citing *Anderson*, 477 U.S. at 255.

> Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, whether he is ruling on a motion for summary judgment or for a directed verdict. The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor. *Anderson, id.*

### III. CONCLUSION

Viewing all inferences in a light most favorable to Defendant, Glenn R. Taylor, III, and finding that the evidence presents sufficient disagreement requiring submission to the

fact-finder, the Court, therefore, denies the Motion (ECF DKT #56) of Plaintiff, CSX Transportation, Inc., for Summary Judgment.

**IT IS SO ORDERED.**

                                         **s/ Christopher A. Boyko**
                                         **CHRISTOPHER A. BOYKO**
                                         **United States District Judge**

**Dated: June 12, 2015**