UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CSX TRANSPORTATION, INC., | ) | CASE NO.  4:12CV2111 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | OPINION AND ORDER |
| | ) | |
| GLENN R. TAYLOR, III, etc., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon the Motion (ECF DKT #58) of Defendant, Glenn R. Taylor, III, for Summary Judgment.  For the following reasons, the Motion is denied.

**I. BACKGROUND**

In late 2002, Defendant, Glenn R. Taylor, III ("Taylor"), incorporated a transportation broker company called Intermodal USA, Inc. ("Intermodal").  Taylor was the sole owner and President of Intermodal.  In July of 2008, CSX entered into a Trucking Credit Agreement with Intermodal for motor carrier transportation services.  Taylor executed the contract in his capacity as President.  CSX transported hundreds of loads of freight pursuant to this

Agreement between 2008 and 2011.  Between January and February 2011, CSX transported more than ninety loads of freight for Intermodal, but Intermodal failed to pay the corresponding freight charges, totaling $117,263.00.

CSX filed suit in this Court for payment of the outstanding freight charges.  (Case No. 4:11CV1016, U.S. District Judge Benita Pearson).  Although service was perfected, Intermodal failed to answer and default judgment was entered on January 27, 2012, in the amount of $117,263.00, plus prejudgment interest.  Thereafter, CSX discovered that the Ohio Secretary of State had cancelled Intermodal's Articles of Incorporation in January of 2007 for failure "to file necessary corporate franchise tax reports."

CSX instituted the above-captioned lawsuit on August 16, 2012, seeking to hold Taylor personally liable for the existing judgment against Intermodal.  CSX asserted two causes of action  — Breach of Contract and Fraud.  On October 9, 2012, Taylor answered and filed a Third-Party Complaint against Macy's, Inc., alleging that CSX's claim is for goods shipped on behalf of Macy's.  At the same time, Taylor paid Intermodal's franchise tax obligation, reinstating the corporate Articles of Incorporation.  Two months later, the Court allowed another of Taylor's companies, GRT Transportation, Inc., to intervene as Defendant and Third-Party Plaintiff, in order to allege that GRT was actually the entity doing business with both CSX and Macy's during the relevant time period.

Taylor now moves for summary judgment on all of CSX's claims.  Taylor argues that he is not personally liable for the debt allegedly owed to CSX; that CSX cannot establish fraud as a matter of law; and that the debt is barred by the statute of limitations for charges for the interstate transportation of property.

## II. LAW AND ANALYSIS

**Standard of Review**

Summary judgment shall be granted only if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *See* Fed.R.Civ.P. 56(a). The burden is on the moving party to conclusively show no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Lansing Dairy. Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir.1994). The moving party must either point to "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations, admissions, interrogatory answers, or other materials" or show "that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." *See* Fed.R.Civ.P. 56(c)(1)(A), (B). A court considering a motion for summary judgment must view the facts and all inferences in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Once the movant presents evidence to meet its burden, the nonmoving party may not rest on its pleadings, but must come forward with some significant probative evidence to support its claim. *Celotex*, 477 U.S. at 324; *Lansing Dairy*, 39 F.3d at 1347.

This Court does not have the responsibility to search the record *sua sponte* for genuine issues of material fact. *Betkerur v. Aultman Hospital Ass 'n.*, 78 F.3d 1079, 1087 (6th Cir. 1996); *Guarino v. Brookfield Township Trustees*, 980 F.2d 399, 404-06 (6th Cir.1992). The

burden falls upon the nonmoving party to "designate specific facts or evidence in dispute," *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 249-50 (1986); and if the nonmoving party fails to make the necessary showing on an element upon which it has the burden of proof, the moving party is entitled to summary judgment.  *Celotex*, 477 U.S. at 323.  Whether summary judgment is appropriate depends upon "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."  *Amway Distributors Benefits Ass 'n v. Northfield Ins. Co.*, 323 F.3d 386, 390 (6th Cir. 2003) (quoting *Anderson*, 477 U.S. at 251-52).

**Taylor's personal liability**

The Court previously dealt with this issue in its June 12, 2015 Opinion and Order (ECF DKT #63).  The Court noted: "When Intermodal's Articles of Incorporation were reinstated on October 9, 2012, any exercise of corporate rights and authority during the cancellation period had "the same force and effect as if the articles had never been cancelled," if such exercise was within the scope of the corporation's articles *and* if the officer had no knowledge that the articles had been cancelled.  R.C. § 1701.922(B)(1)."  Further, "Taylor's personal liability for the outstanding freight charges owed to CSX hinges entirely on whether Taylor can take advantage of the benefit of the reinstatement statute, R.C. § 1701.922(B)(1);" and after considering the parties' submissions, "the evidence presents sufficient disagreement requiring submission to the fact-finder."  The Court declines to revisit this matter.

**Fraud**

Taylor argues that CSX's fraud claim is without merit.  According to the Complaint, CSX entered into a Trucking Credit Agreement with Intermodal in July of 2008 and Taylor

executed the contract in his capacity as President.  Intermodal's Articles of Incorporation were cancelled at the time; and "Taylor deliberately misrepresented to CSX that he was applying for credit as an officer of an incorporated entity known as IUSA, when in fact he was applying for credit on his own behalf."  (Complaint, ECF DKT #1, ¶ 43).

To prevail on a fraud claim, a plaintiff must prove the following elements:

(1) a representation, or if a duty to disclose exists, concealment of a fact, (2) that is material to the transaction at issue, (3) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (4) with the intent to mislead another into relying on it, (5) justifiable reliance upon the representation or concealment, and (6) a resulting injury proximately caused by the reliance.

*Mulch Mfg., Inc. v. Advanced Polymer Solutions, LLC*, 947 F.Supp.2d 841, 862 (S.D.Ohio 2013), quoting *Andrew v. Power Marketing Direct, Inc.*, 978 N.E.2d 974, 989 (Ohio Ct.App. 2012)(citing *Burr v. Stark Cty. Bd. of Comm'rs*, 23 Ohio St.3d 69, 73 (1986)).

Furthermore, despite what Taylor states in his Summary Judgment brief, in an action at law for money owing based upon fraud, a preponderance of the evidence, and not clear and convincing evidence, is sufficient to prove such fraud in Ohio.  *Household Finance Corp. v. Altenberg*, 5 Ohio St.2d 190 (1966); *Domo v. Stouffer*, 64 Ohio App. 3d 43 (1989).

Specifically, Taylor argues that CSX cannot make the required showing of materiality, justifiable reliance and proximate cause.

With regard to the material nature of Taylor's alleged misrepresentation, CSX satisfies this element by a preponderance of the evidence.  In 2008, Taylor provided, at CSX's request, a Dunn and Bradstreet credit report; and executed the contract, containing the term: "Applicant must notify CSXI in writing of any change of ownership, and any changes in the name or structure of the business under which the credit is established."  (ECF DKT #56-5). A CSX representative, R.Kay Fearrington, submits a Declaration (ECF DKT #62-1), bearing

on the significance of a customer's corporate status and reciting in part:

> 4. CSX does not, as a matter of established policy, enter into credit agreements with individuals who wish to ship freight in their personal capacity, and CSX does not enter into credit agreements with persons transacting business as a sole proprietorship.
>
> 5. This was CSX's established policy at all times relevant to this case, and specifically in July 2008 when defendant Glenn R. Taylor, III, entered into a credit agreement with CSX.
>
> 6. As a result, had CSX known that Intermodal USA, Inc. was not actually a corporation, but a sole proprietorship and fictitious name under which Taylor transacted business in his personal capacity, CSX would not have extended credit to Taylor.

As for the element of justifiable reliance, Taylor asserts that CSX did not reasonably rely on the 2008 documents. Simple due diligence and an examination of public records would have revealed that, more than two years prior to the transactions at issue, Intermodal was not an active corporation and Taylor was acting under the corporate form of GRT Transportation, Inc. Moreover, Taylor contends that the 2008 contractual representations were not the proximate cause of CSX's damages. According to Taylor, his company, GRT Transportation, contracted for the carrier services in January and February of 2011; and GRT failed to pay CSX because GRT did not get paid by its client, Macy's, Inc.

Nevertheless, the Court holds that Taylor has not defeated the necessary elements of CSX's fraud claim, which are rightfully left for the fact-finder's consideration. To establish proximate cause, Ohio law requires that the injury sustained must be the natural and probable consequence of the tortious conduct alleged. *Strother v. Hutchinson*, 67 Ohio St.2d 282, 287 (1981); *Miller v. Baltimore & Ohio Southwestern Rd. Co.*, 78 Ohio St. 309, 325 (1908). In addition, as a general rule, proximate cause is a question of fact for the jury. *Strother*, 67

Ohio St.2d at 288. Similarly, "[t]he question of justifiable reliance is one of fact and requires an inquiry into the relationship between the parties." *Mulch Mfg*., 947 F.Supp.2d at 862 (quoting *Mar Jul, L.L.C. v. Hurst*, No. 12CA6, 2013 WL 557108, at *13 (Ohio Ct.App. Feb. 6, 2013)).

Taylor also insists that the fraud claim is barred by the statute of limitations. R.C. § 2305.09 provides for a four-year statute of limitations for a fraud claim; and the within Complaint was filed more than four years after the July 14, 2008 Trucking Credit Agreement. CSX does not dispute the statutory limitations period; but points out that a fraud cause of action does not accrue until the plaintiff discovers or should have discovered the fraud. *See Foster v. Wells Fargo Fin. Ohio, Inc.*, 960 N.E.2d 1022, 1025 (Ohio App. 8th Dist. 2011). CSX contends that it suffered no actionable damages until Taylor failed to pay for the 2011 shipments he ordered on credit in the name of Intermodal USA. Although Taylor argues that CSX had constructive knowledge, through publicly available filings, that Intermodal's Articles of Incorporation were cancelled in 2007, Taylor is unable to contradict, with any competent evidence, CSX's contention that the misrepresentations about Intermodal's corporate status were not discovered until well after credit was extended to Intermodal in 2008. Thus, Taylor has not shown that the four-year statute of limitations is a valid bar to CSX's fraud claim.

**Breach of contract**

Taylor additionally moves for summary judgment in his favor on CSX's breach of contract claim. He contends that the cause of action arises out of charges for interstate transportation. An interstate carrier must bring a civil action to recover for shipping charges

within eighteen (18) months after the claim accrues. 49 U.S.C. § 14705(a). Pursuant to 49 U.S.C. § 14705(g): "A claim related to a shipment of property accrues under this section on delivery or tender of delivery by the carrier." Taylor notes that the CSX freight bills show "dates of service" in January of 2011. Consequently, the lawsuit would have been required to be filed by July of 2012. The instant Complaint is untimely, according to Taylor, since it was filed on August 16, 2012.

CSX counters that this is a suit to enforce an existing judgment obtained in Case No. 4:11CV1016 against Intermodal; and 49 U.S.C. § 14705 does not apply. Alternatively, CSX references the freight bills, and posits that: "The dates the freight bills were actually issued (at which point the transportation would be complete and CSX would be entitled to payment), show that delivery of Intermodal USA's shipments continued through March of 2011." (CSX's Memorandum in Opposition, ECF DKT #60 at 8). Under that analysis, the August 2012 filing would be within the eighteen-month statute of limitations.

On its face, the Complaint alleges a First Cause of Action entitled "Breach of Contract." The Court, therefore, cannot agree with CSX that this lawsuit is for enforcement of a judgment. CSX cannot be permitted to alter its claims at the summary judgment stage to avoid dismissal.

The Court finds that the limitations period in 49 U.S.C. §14705(a) governs here. However, the accrual date for the claim is difficult to discern. Examination of the sample freight bills submitted as evidence in this case reveals multiple dates. For example, at ECF DKT #56-7 at 84, there is a Service Date of 01/21/11; a Bill Date of 02/22/11; and a Due Date of 03/09/11. Nowhere does it say "Delivery Date;" and subsection (g) provides that a claim

for shipment charges accrues on delivery.  The Court has before it no Rule 56 evidence nor sworn testimony as to what constitutes "delivery" for interstate shippers or carriers.  Thus, the Court has no option but to deny Taylor's Motion based upon the limitations period for actions by carriers.

### III. CONCLUSION

For these reasons, the Court finds that Defendant Taylor has failed to satisfy his burden of showing that there is no genuine dispute as to any material fact and that he is entitled to judgment as a matter of law on the Complaint of Plaintiff CSX Transportation, Inc.  Therefore, the Motion (ECF DKT #58) of Defendant, Glenn R. Taylor, III, for Summary Judgment is denied.

**IT IS SO ORDERED.**

                                          **s/ Christopher A. Boyko**
                                          **CHRISTOPHER A. BOYKO**
                                          **United States District Judge**

**Dated:  August 10, 2015**